IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-116-FL

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware Corporation; BMG MUSIC, a New York general partnership; UMG RECORDINGS, INC., a Delaware Corporation; INTERSCOPE RECORDS, a California general partnership; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHN DOE,<br><br>    Defendant. | **DECISION and**<br>**MEMORANDUM AND**<br>**RECOMMENDATION** |

This case comes before the court on the motions by defendant John Doe ("defendant"), set out in a single document (DE #6), to dismiss the complaint (DE #1) pursuant to Fed. R. Civ. P. 12(b)(6), strike the declaration of Carlos Linares ("Linares declaration") (DE #4-2) pursuant to Fed. R. Civ. P. 12(f), and quash the subpoena herein directed to North Carolina State University ("NCSU") pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii). Plaintiffs Warner Bros. Records Inc., BMG Music, UMG Recordings, Inc., Interscope Records, and Sony BMG Music Entertainment (collectively "plaintiffs") filed a response in opposition ("Plfs.' Mem.") (DE #8). The motions to dismiss and to strike were referred to the undersigned Magistrate Judge for review and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Referral Order (DE #9), p. 2). The motion to quash was referred for decision and order pursuant to 28 U.S.C. § 636(b)(1)(A). (*Id.*). For the reasons set forth below, it will be recommended that the motions to dismiss and strike be denied, and the court will deny the motion to quash.

## BACKGROUND

This case, commenced on 13 March 2008, is a copyright infringement action arising from the alleged unlawful downloading and distribution of music over the internet.[1] (*See* Compl. (DE #1)). Plaintiffs are the alleged owners or licensees of the copyrights to certain sound recordings ("Copyrighted Recordings"), including 10 identified songs ("subject songs"). (*Id.* ¶ 11). Plaintiffs allege that on a continuous basis, including specifically 12 March 2007, defendant "downloaded and/or distributed to the public" the subject songs without the permission or consent of plaintiffs, using an online media distribution system. (*Id.* ¶ 13). Exhibit A to the complaint sets out information about each of the subject songs; gives the internet protocol ("IP") address[2] apparently[3] assigned to defendant; references the online media distribution system apparently used, the peer-to-peer (*i.e.*, "P2P") network Gnutella;[4] and provides other information. (*Id.* Ex. A (DE #1-3)). It is not disputed that defendant's internet service provider ("ISP") was NCSU. (*See, e.g.*, Def.'s Mem. (DE #7), pp. 2-3).[5] Defendant's actions were allegedly willful, intentional, and in disregard of

---

[1] This is one of a large number of such cases filed in this court involving many of the same plaintiffs and defendants associated with NCSU. Similar cases have been filed in other federal courts throughout the country.

[2] An IP address is the unique numeric address of a device attached to an IP network. PCMAG.COM Encyclopedia, entry for "IP network," http://www.pcmag.com/encyclopedia_term/0,2542,t=IP+address&i=45349,00.asp.

[3] See the authorities below regarding permissible inferences from a complaint on a Rule 12(b)(6) motion.

[4] A peer-to-peer network is a network of computers configured to allow files to be shared with others. *Id.*, entry for "peer-to-peer network," http://www.pcmag.com/encyelopedia_term/0,2542,t=peer-to-peer+network&i=49056,00.asp. Gnutella is a popular peer-to-peer network on the internet, which allows users to share files without using a central directory. *Id.*, entry for "Gnutella," http://www.pcmag.com/encyclopedia_term/0%2C2542%2Ct%3DGnutella&i%3D43835%2C00.asp.

[5] Defendant failed to number the pages of his memorandum, as required. *See* Local Civ. Rule 10.1(j), E.D.N.C. The page citations herein are to the page numbers inserted by the court's CM/ECF system.

2

plaintiffs' rights. (Compl. ¶ 15). Defendant is presently known only by his IP address. (*Id.* ¶ 9). Plaintiffs seek compensatory damages, an injunction, and related relief. (*Id.* ¶¶ 16, 17).

On 2 May 2008, plaintiffs filed an *ex parte* motion (DE #3) for expedited discovery seeking leave to issue a subpoena to NCSU for documents providing identifying information on defendant. The information to be sought in the subpoena was defendant's name, addresses, telephone number, e-mail address, and Media Access Control ("MAC") address.[6] (*See* Plfs.' Exped. Disc. Mot. ¶ 3). Plaintiffs' motion was granted by order entered on 15 May 2008 (15 May Order (DE #5), p. 1). Neither side states affirmatively that the subpoena was actually served on NCSU or provides a copy of the subpoena. However, defendant states upon information and belief that it was served on defendant (Def.'s Mem., p. 3), and plaintiffs' memorandum arguably assumes that it was served. On that basis, the court finds that the subpoena was issued and served on NCSU.

In support of the motion for expedited discovery, plaintiffs filed a declaration by Carlos Linares, a vice president of the Recording Industry Association of America, Inc. ("RIAA"), a trade association of record companies to which all the plaintiffs belong. (Linares Dec. (DE #4-2), ¶ 3). The declaration states that the RIAA assists its members with the investigation of the unauthorized distribution of copyrighted sound recordings over the internet. (*Id.* ¶¶ 3, 4). RIAA employs the firm MediaSentry, Inc. ("MediaSentry") to help with investigations of suspected copyright infringers. (*Id.* ¶ 11). The declaration further states that RIAA, with the assistance of MediaSentry, determined that defendant was offering various music files for download over the Gnutella network without the permission of plaintiffs. (*See id.* ¶¶ 13, 18). The declaration indicates that on 12 March 2007

---

[6] A MAC address is "[t]he unique serial number burned into Ethernet and Token Ring adapters that identifies that network card from all others." PCMAG.COM Encyclopedia, entry for "MAC address," http://www.pcmag.com/encyclopedia_term/0%2C2542%2Ct%3DMAC+address&i%3D46422%2C00.asp.

3

MediaSentry and RIAA downloaded from defendant files containing the subject songs and that RIAA then listened to the downloaded files and took other steps to confirm that the files were illegal copies of songs whose copyrights are owned by RIAA members. (*See id.* 14, 15, 18). According to the declaration, defendant has made available for distribution to the public hundreds of files, many of which are recordings of copyrighted songs. (*Id.* ¶ 19).

On 19 June 2008, defendant filed the motions now before the court. Defendant included with these motions, and as part of the same document, a motion to stay enforcement of the subpoena pending resolution of the other motions. By its order of 2 July 2008, the court allowed the motion to stay and referred the instant motions to the undersigned. (*See* Referral Order, p. 2).

## DISCUSSION

### I. DEFENDANT'S MOTION TO DISMISS

#### A. Standard of Review

A motion under Rule 12(b)(6) seeks dismissal on the grounds that the complaint challenged fails to state a claim upon which relief may be granted. Ordinarily, a complaint need contain "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, generic labels, broad conclusions, and a formulaic recitation of the elements of a cause of action are insufficient. *Id.* While "detailed factual allegations" are not required, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Longstanding Fourth Circuit case law is in accord, holding that a plaintiff must "set forth *facts* sufficient to allege each element of his claim." *Dickson v. Microsoft Corp.*, 309

4

F.3d 193, 213 (4th Cir. 2002) (emphasis added) (citing *Iodice v. United States*, 289 F.3d 270, 281 (2002)). Although the Supreme Court has held that a complaint should not be dismissed unless there is no set of facts that the plaintiff could prove that would entitle him to relief, *e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), the Court has clarified that this standard does not require the court to assume facts necessary to support a claim which are not pled, either directly or inferentially. *Twombly*, 127 S. Ct. at 1969 (citing, *e.g.*, *O'Brien v. Di Grazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976)).

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in the plaintiff's favor. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). "The movant carries the burden of proof in a motion to dismiss for failure to state a claim." *IR Const. Prods. Co. v. D.R. Allen & Son, Inc.*, 737 F. Supp. 895, 895 (W.D.N.C. 1990) (citing predecessor version of 2-12 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 12.34(1)(a)).

While the primary considerations in a Rule 12(b)(6) motion are the allegations in the complaint, the court "is not limited to the four corners of the complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, p. 376 (3d ed. 2004). This is so notwithstanding the directive in of Rule 12(d) that "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be

5

treated as one for summary judgment under Rule 56 . . . [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The matters which a court may consider on a Rule 12(b)(6) motion without converting it into one for summary judgment include documents appearing in the record of the case, matters of public record, items subject to judicial notice, matters incorporated by reference into the complaint, and exhibits attached to the complaint whose authenticity is unquestioned. *Id.*; *see, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007) (citing 5B *Federal Practice and Procedure* § 1357); *Clark v. BASF Salaried Employees' Pension Plan*, 329 F. Supp. 2d 694, 697 (W.D.N.C. 2004); *In re FAC Realty Sec. Litig.*, 990 F. Supp. 416, 420 (E.D.N.C. 1997). These matters may properly be considered because "a lack of notice for the nonmoving party is not implicated." *In re FAC Realty Sec. Litig.*, 990 F. Supp. at 420.

### B. Sufficiency of Plaintiffs' Complaint

Here, defendant contends that the complaint should be dismissed for failure to properly plead a claim for copyright infringement. The court disagrees.

The law affords the owner of a copyright exclusive rights to do and to authorize certain acts with respect to copyrighted works. These rights include the right under 17 U.S.C. § 106(1) to reproduce protected works, and the right under 17 U.S.C. § 106(3) to distribute them. The complaint alleges that defendant infringed both of these rights. (*See* Compl. ¶ 13; *see also* Plfs.' Mem., pp. 2, 8).

Although defendant states in his motion and memorandum that he seeks dismissal of the entire case, his memorandum presents argument on only the distribution claim. He assumes, without any supporting argument or citations, that "[t]he only right that could conceivably be implicated by

6

the act[s] described in the Complaint is § 106(3)."[7] (Def.'s Mem., p. 4). This single, naked assertion is utterly inadequate to demonstrate that the complaint fails to state a claim for infringement of plaintiffs' alleged right of reproduction. Defendant has therefore failed to carry his burden of establishing the insufficiency of this claim, and his motion with respect to it should accordingly be denied.

Turning now to the distribution infringement claim, infringement of a copyright occurs when a person "violates any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). Thus, there are only two elements to an infringement claim: (1) ownership of a valid copyright and (2) encroachment upon one of the exclusive rights afforded by the copyright, here, the right to distribution. *Avtec Sys., Inc. v. Peiffer*, 21 F.3d 568, 571 (4th Cir. 1994) (citing 17 U.S.C. § 501(a)).

By his dismissal motion, defendant does not challenge the adequacy of plaintiffs' pleading of the first element—copyright ownership—and rightfully so. Plaintiffs pled that they are the owners or licensees of the copyrights for the subject songs. (Compl. ¶ 11). Exhibit A identifies which of the subject songs for which each plaintiff holds the copyright or license. (*See id.*, Ex. A).

Rather, defendant contends that the complaint fails adequately to allege his violation of plaintiffs' distribution right because distribution requires actual dissemination of the copyrighted material and the complaint does not allege actual dissemination. The contention lacks merit.

Section 106(3) confers the right "to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(3). The statute does not define the term "distribute." Some courts interpreting this provision

---

[7] Presumably because defendant did not present any argument regarding the reproduction claim, plaintiffs understandably did not either.

have held that distribution "'requires an actual dissemination of either copies or phonorecords.'" *Atl. Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 981 (D. Ariz. 2008) (quoting *Nat'l Car Rental Sys. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir. 1993)). However, the Fourth Circuit has interpreted distribution to include not only actual dissemination, but also making a protected work available to the public. *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997). Although defendant urges this court not to follow *Hotaling*, the court is, of course, bound by it. Therefore, contrary to defendant's contention, the complaint adequately states a claim for infringement by distribution if it contains proper allegations that defendant made the subject songs available to the public.

The court finds that the complaint contains such allegations. The complaint alleges, upon information and belief, that defendant "used . . . an online media distribution system to download and/or distribute to the public certain of the Copyrighted Recordings." (Compl. ¶ 13). The source from which the Copyrighted Recordings were made available is alleged to be defendant's IP address. (*Id.*; *see also id.* ¶ 9). These general allegations are supplemented by the specific factual allegations regarding defendant's having made the subject songs available to the public on 12 March 2007, including the alleged facts forth in Exhibit A. (*Id.* ¶ 13 & Ex. A). These alleged facts include the copyright owner, performing artist, song title, album title, and other information for each of the subject songs. (*Id.* Ex. A). Exhibit A also sets out an IP address, which can reasonably be inferred to belong to defendant, and references the peer-to-peer network Gnutella, which can reasonably be inferred to be the means by which defendant made the subject songs publically available on that date. (*Id.*).

8

The complaint therefore alleges facts showing a specific date on which defendant made copyrighted works of plaintiffs publically available, the specific works involved, and the source and means by which they were made publically available. The court believes that these factual allegations are more than sufficient to allege the distribution element of plaintiffs' claim based on public availability and, when considered with the allegations of copyright ownership not challenged in defendant's motion, to raise plaintiffs' right to relief above the speculative level. *See Twombly*, 127 S. Ct. at 1965; *Dickson*, 309 F.3d at 213. The allegations of the complaint thereby provide defendant fair notice of what plaintiffs' claim is and the grounds upon which it rests. *Twombly*, 127 S. Ct. at 1965. The dismissal motion is subject to denial on these grounds alone.

However, the court also finds that the complaint adequately states a claim for violation of plaintiffs' right of distribution based on alleged actual dissemination. To the extent not expressly stated, it can readily be inferred from the foregoing allegations of the complaint and others that plaintiffs, acting as a member of the public using a peer-to-peer network, actually obtained copies of the subject songs from defendant's IP address on 12 March 2007. Such other allegations include the express reference in the complaint to 12 March 2007 as the "date and time of capture." (Compl. ¶ 13).

This court recently found that a nearly identical complaint, with a similar Exhibit A, sufficiently stated a claim for copyright infringement. *LaFace Records LLC v. Does 1-38*, 5:07-CV-298-BR (Compl. (DE #1) ¶ 24) and (Order (DE #22)).[8] The decisions of other courts on similar complaints are in accord. *See, e.g., Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 U.S. Dist. LEXIS

---

[8] The *LaFace* complaint is attached as an exhibit to plaintiffs' memorandum as DE #8-3 and the order as DE #8-2.

9

27170, at *7-11 (W.D. Pa. 3 Apr. 2008); *LaFace Records, LLC v. Does 1-5*, 2008 U.S. Dist. LEXIS 13638, at *17-18 (W.D. Mich. 22 Feb. 2008); *Arista Records, LLC v. Does 1-27*, No. 07-162-B-W, 2008 U.S. Dist. LEXIS 6241, at *16-18 (D. Me. 25 Jan. 2008). It is therefore RECOMMENDED that defendant's motion for dismissal be DENIED in its entirety.

As the preceding analysis indicates and in light of the motion to strike the Linares declaration, the court notes that it did not consider the declaration in evaluating the dismissal motion. Plaintiffs did not rely on it in opposing the dismissal motion,[9] and the court determined the complaint to be sufficient without recourse to the declaration.[10]

## II. DEFENDANT'S MOTION TO STRIKE THE LINARES DECLARATION

Plaintiffs move to strike the Linares declaration, pursuant to Rule 12(f), on the grounds that Linares lacked the requisite personal knowledge to make it and the unclean hands doctrine bars it because MediaSentry unlawfully investigated defendant without a license. The motion should be denied.

Rule 12(f), by its terms, applies only to pleadings. The rule reads: "The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Only one pleading has been filed in this case–the complaint. *See* Fed. R. Civ. P. 7(a)(1) (identifying permissible pleadings); *Pimentel & Sons Guitar*

---

[9] Plaintiffs discuss information from the Linares declaration in several sentences in the background section of their memorandum, but rely only on the allegations of the complaint in defending against the dismissal motion. (Plfs.' Mem., pp. 4-5, 5-13, 17 ("The Complaint stands on its own.")). Moreover, much of such information in the background section is also included in the allegations of the complaint.

[10] The court did not decline consideration of the declaration on the ground that doing so would convert the motion to one for summary judgment. Under the authorities previously discussed, no such conversion would probably have been warranted because the declaration was in the record in this case, having been filed a month and a half before the dismissal motion, although given defendant's posture it is not apparent when he received notice of the declaration (or the case generally).

10

*Makers, Inc. v. Pimentel*, 229 F.R.D. 201, 204 (D.N.M. 2005) (reply brief file in response to motion for preliminary injunction not a pleading and therefore not subject to Rule 7(a)). The Linares declaration was not an exhibit to the complaint nor was it incorporated by reference into the complaint, which was filed on 13 March 2008. Rather, as indicated, the declaration was filed in support of plaintiffs' motion to expedite discovery, which was filed on 2 May 2008, a month and a half after the complaint. Rule 12(f) therefore has no application to the declaration.[11]

Defendant's motion fails, more basically, because the declaration is not being offered as evidence in connection with either of the other motions before the court. As indicated, plaintiffs did not rely on the declaration in defense of the dismissal motion, and the court did not consider it in its evaluation of that motion. Nor did plaintiffs rely on the declaration in defending against defendant's motion to quash. (Plfs.' Mem., pp. 13-16).

The court declines to endorse the practice of a party trolling through the record of a case and seeking to strike evidence it deems incompetent which is not otherwise before the court. Moreover, the admissibility of evidence should be determined not in a vacuum, but in the specific context in which it is offered. To strike the declaration now could preclude its possibly valid use in connection with some future proceeding in this case.

In fairness to defendant, the court notes that he may have moved to strike the declaration prophylactically, in anticipation of plaintiffs relying on it to support their complaint. They did not, however, do so. It is accordingly RECOMMENDED that the motion to strike be DENIED.

---

[11] Even if Rule 12(f) did apply, it is not clear that the declaration would fall within the scope of the material which the rule authorizes to be stricken: "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

## III.     DEFENDANT'S MOTION TO QUASH THE SUBPOENA

Defendant moves to quash the subpoena served on NCSU, which is intended to uncover defendant's identity, on the grounds that it violates his qualified right to anonymous expression under the First Amendment. Defendant relies on Rule 45, which provides that a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

Before turning to the merits of defendant's motion, the court will address several preliminary issues. Ordinarily, where, as here, the movant for an order to quash fails to file a copy of the challenged subpoena, or otherwise to ensure that a copy is in the record, the motion would be subject to summary denial because the court would lack information it needs to decide the motion. In this instance, however, the subpoena was issued pursuant to a court order, the 15 May Order, which specified the documents the subpoena could seek. The ruling on the motion to quash can ensure that the subpoena, if enforced, stays within the specified bounds. Moreover, defendant's failure to file a copy of the subpoena can be justified by his status as a third-party with respect to the subpoena, which, again, was directed to NCSU.

Defendant's third-party status in relation to the subpoena also raises a question of defendant's status to contest the subpoena. The court finds that defendant does have standing because he claims a personal right in the information sought by the subpoena. *United States v. Gordon*, 247 F.R.D. 509, 509-10 (E.D.N.C. 2007) (citing *United States v. Idema*, 188 Fed. Appx. 740, 744 (4th Cir. 2005)).

Turning now to the merits of defendant's motion, the protection of the First Amendment applies to both anonymous speech, *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 200

12

(1999), and the internet, *Reno v. ACLU*, 521 U.S. 844, 870 (1997). The First Amendment does not, however, protect copyright infringement. *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555-56 (1985). Subpoenas that seek information, including the identities of anonymous individuals, implicate First Amendment rights. *See NLRB v. Midland Daily News*, 151 F.3d 472, 475 (6th Cir. 1998).

Courts have held that while an anonymous peer-to-peer internet file-sharer is not engaging in true expression, the act of downloading, distributing, or making music available does constitute protected First Amendment speech. *Sony Music Ent. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004); *see also Fonovisa*, 2008 U.S. Dist. LEXIS 27170, at *29 (citing *Sony Music*). The protection afforded is, though, very limited and "subject to other considerations." *Sony Music*, 326 F. Supp. 2d at 564; *see also Arista Records LLC v. John Does 1-19*, 551 F. Supp. 2d 1, 8-9 (D.D.C. 28 Apr. 2008) (citing *Fonovisa*); *Fonovisa*, 2008 U.S. Dist. LEXIS 27170, at *32.

The court in *Sony Music* developed a useful five-factor balancing test for determining whether an anonymous defendant's identity is shielded from disclosure by the First Amendment in circumstances such as those presented in the instant case. *Sony Music*, 326 F. Supp. 2d at 564-65; *see also Fonovisa*, 2008 U.S. Dist. LEXIS 27170, at *30-32 (citing *Sony Music*). The five factors are: (1) "a concrete showing of a prima facie claim of actionable harm"; (2) "specificity of the discovery request"; (3) "the absence of alternative means to obtain the subpoenaed information"; (4) "a central need for the subpoenaed information to advance the claim"; and (5) "the party's

expectation of privacy." *Sony Music*, 326 F. Supp. 2d at 564-65. The court will apply the *Sony Music* test to the subpoena here.[12]

With respect to the first factor, the court finds that plaintiffs have made a concrete showing of a *prima facie* claim. As previously discussed, plaintiffs have properly pled copyright infringement predicated on both making a protected work available to the public and actual dissemination. This factor therefore favors enforcement of the subpoena.

Consideration of the second factor–specificity of the discovery request–shows that the subpoena authorized by the court is narrowly drawn. It seeks only limited information identifying defendant. Specifically, the court authorized the subpoena to seek only "documents that identify Defendant, including the name, current (and permanent) addresses and telephone number, e-mail address, and Media Access Control address for Defendant." (15 May Order, p. 1). Moreover, the order authorizing the subpoena permits plaintiffs to use any information obtained "solely for the purpose of protecting Plaintiffs' rights under the Copyright Act." (*Id.*, p. 2). Thus, the second factor also favors enforcement.

The third factor–the absence of alternative means to obtain the subpoenaed information–is in accord. Plaintiffs appear to have no alternate means of identifying defendant in the absence of a subpoena compelling the ISP to provide such information. Defendant has offered no information showing to the contrary. Accordingly, the third factor favors enforcement.

---

[12] The court declines defendant's invitation to apply the arguably more rigorous test in the state case of *Dendrite Int'l, Inc. v. Doe No. 3*, 342 N.J. Super. 134, 141-42 (2001). The protected speech at issue in *Dendrite* was allegedly defamatory comments posted on an internet bulletin, not the less expressive act of distributing music over the internet. In addition, the claim in *Dendrite* was for defamation, not copyright infringement, a unique area of particular federal concern. In contrast to *Dendrite*, *Sony Music*, a federal case, involved copyright infringement in a context virtually identical to that in the instant case.

14

With regard to the fourth factor–a central need for the subpoenaed information–plaintiffs require identifying information for defendant sought to be able to effect service on him and prosecute their colorable copyright infringement claim against him. This factor therefore also favors enforcement.

The fifth factor–defendant's expectation of privacy–does as well. A defendant has little expectation of privacy in allegedly distributing music over the internet without the permission of the copyright holder. *Fonovisa*, 2008 U.S. Dist. LEXIS 27170, at *31; *see also In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (holding that when "an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world") (citing *United States v. Kennedy*, F. Supp. 2d 1103, 1110 (D. Kan. 2000)).

Considering the *Sony Music* factors together, the court finds that they weigh heavily in favor of enforcement. Plaintiffs have shown that they need the information sought to pursue a colorable claim against defendant for violation of their rights and that they lack effective alternative means of acquiring the information. Moreover, the subpoena as authorized is narrowly tailored to obtain only limited identifying information and the information obtained may be used only for protecting plaintiffs' rights under the copyright laws. At the same time, given the nature of defendant's alleged conduct, his expectation of privacy is minimal.

The court concludes that the subpoena may properly be enforced. The court therefore DENIES defendant's motion to quash.

15

## CONCLUSION

For the foregoing reasons, the court rules as follows:

It is RECOMMENDED that defendant's motions to dismiss and strike be DENIED.

It is ORDERED that:

(1) defendant's motion to quash is DENIED;

(2) the subpoena served on NCSU shall be deemed to be limited to the documents set out in the court's 15 May 2008 order, notwithstanding any provision to the contrary in the subpoena; and

(3) the Clerk shall mail a copy of this Decision and Memorandum and Recommendation to:

David T. Drooz, Esq.
Senior Associate General Counsel
North Carolina State University
Holladay Hall 301, Campus Box 7008
Raleigh, NC 27695

It is FURTHER ORDERED that the Clerk shall send copies of this Decision and Memorandum and Recommendation to counsel for the respective parties, who have ten business days or such other time as the court may direct to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Decision and Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 26th day of September, 2008.

James E. Gates
United States Magistrate Judge